The Honorable Robert E. Lockwood Clerk of Courts 17th Judicial Circuit 201 S.E. 6th Street Broward County Courthouse Fort Lauderdale, Florida 33301
Dear Mr. Lockwood:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE CLERK OF THE CIRCUIT COURT IS REQUIRED TO RECORD DOCUMENTS OR RECORDS MADE OR ENTERED IN CRIMINAL ACTIONS AND PROCEEDINGS?
In your letter you state that in "an abundance of caution," you are currently recording numerous "criminal documents" or records. These documents include, among others, such records as Judgments and/or Sentences, Orders of Revocation and Modification of Probation, Orders on Motions for a New Trial, Notices of Appeal, Records of Trial Proceedings, Records of Evidence, Property Return Receipts, Revocation of State Attorney's Appointment, and Nolle Prosequi made or entered in criminal actions and proceedings.
The clerk of the circuit court is the county recorder of all instruments that he may be required or authorized by law to record. Section 28.222(1), F.S. All such instruments are required to be recorded in one general series of books called "Official Records." Section 28.222(2), F.S. Paragraphs (c) and (g) of subsection (3), s 28.222, F.S., require the clerk to record judgments entered by any court of this state and any other instruments required or authorized by law to be recorded. Thus, the clerk is required to record in the Official Records only those documents, instruments, papers and records expressly enumerated in s 28.222, F.S., or otherwise required or authorized to be recorded by other laws. See, e.g., ss 28.223, 921.241, and 921.242, F.S.
Section 28.29 requires the clerk to record in the Official Records orders of dismissal and final judgments of the courts in civil actions, and such other orders of the courts (in civil actions) as directed in writing by the courts. Obviously, neither this statute nor the provisions of s 28.223, F.S., apply to the criminal courts or to documents, instruments, orders of records made or entered in criminal actions and proceedings. Section 921.241, F.S., requires the clerk to record every judgment of guilty or not guilty of a felony; and s 921.242, F.S., requires the clerk to record every judgment of guilt with respect to any offense governed by the provisions of Ch. 796, F.S. Otherwise, the statutes appear to be silent and there do not appear to be any other statutory provisions which require or authorize the recordation of any documents, instruments, orders, papers or records made or entered in criminal actions and proceedings. Therefore, the clerk is not required to record in the Official Records any criminal documents or records other than those criminal judgments described and provided for in ss 921.241 and 921.242, F.S. Parenthetically, the clerks of the circuit courts are the custodians of the criminal documents, orders or papers made or entered in criminal actions and proceedings. See, s 28.13, F.S., and Ch. 119, F.S. And see, s28.211, F.S., which requires the clerk to keep the criminal progress dockets and alphabetical indexes described and provided for therein. With regard to the retention and disposal or destruction of court records, both civil and criminal, your attention is directed to Rule 2.075, Fla.R.Jud.Admin.
I therefore conclude that the clerk of the circuit court is neither required nor authorized by law to record in the Official Records any documents, instruments, papers, orders or records made or entered in criminal actions and proceedings other than the criminal judgments described and provided for in ss 921.241 and921.242, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General